UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

KAVON WILLIAMS

                                                    Plaintiff,     **COMPLAINT AND**
                                                                       **JURY DEMAND**
       -against-

THE CITY OF NEW YORK, POLICE OFFICER WITH     DOCKET #
TAX REGISTRY NUMBER ▇▇▇▇, JOHN DOE ##1-10

                                                            Defendants.
                                                                              ECF CASE
------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 USC §1983, §1988 and the Fourth Amendment to the United States Constitution, and the laws and Constitution of the State of New York.

2. The claim arises from a June 1, 2020 incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to, among other things, false arrest, excessive force and malicious prosecution.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the Fourth Amendment to the United States Constitution. Pendent party jurisdiction is asserted.

5. Venue is laid within the United States District Court for the Southern District of New York in that Defendant City of New York is located within and a substantial part of the events

giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

6. Plaintiff Kavon Williams is an African-American man and United States citizen who resides in Bronx County, City and State of New York.

7. Police Officer with Tax Registry Number ▮▮▮▮ was at all time here relevant an employee of the NYPD, and is sued in his individual and official capacity.

8. The City of New York is a municipal corporation organized under the laws of the State of New York.

9. All other defendants were at all times here relevant employees of the NYPD, and are sued in their individual and official capacities.

10. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

11. On June 1, 2020 before 1:00 PM, Kavon Williams, along with other relatives, escorted a relative's children to their mother's home with the intention of dropping them off there.

12. They arrived at the mother's home at 1864 Banyer Place, Bronx, NY.

13. A verbal argument began between the mother of the children and the father whom Williams had escorted to the location.

14. There were police officers in the vicinity of the argument for unrelated reasons. A black police officer walked over to Kavon Williams, his uncle Kareem Williams and others and advised them to just leave. Kavon and the others complied.

15. As they were walking down the street to leave the area, the mother was following at a

distance still yelling at them. As they continued to walk, four police officers came up from behind Kareem Williams and shoved him from behind. Kareem engaged in a verbal altercation with the police officers because he was shoved. Kavon continued to walk with Kareem and implored him to not argue with the officers.

16. Finally, a number of officers charged Kavon and Kareem. They violently grabbed Kavon and threw him to the ground, causing significant injury.

17. Kareem was taken to a police precinct in the Bronx and was held in custody for approximately one and a half hours.

18. He was given a Criminal Court Appearance Ticket for "Disorderly Conduct", which required that he appear in Bronx Criminal court on September 29.

19. Upon information and belief, the Appearance Ticket was either dismissed or never filed with the court by the officer.

20. Plaintiff denies all charges and allegations made against him in connection with his arrest. He committed no crime or violation in connection with his arrest.

21. Within 90 days of the events giving rise to this claim, plaintiffs filed written notice of claim with the City of New York, Comptroller's Office. Over 30 days have elapsed since the filing of that notice, and this matter has not been settled or otherwise disposed of.

22. At all times during the events described above, the Defendant police officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

23. During all of the events above described, Defendants acted maliciously and with intent

to injure plaintiff.

24. As a direct and proximate result of the acts of Defendants, Kareem Williams suffered the following injuries and damages:

    a. Violation of his rights pursuant to the Fourth Amendment to the United States Constitution to be free from an unreasonable search and seizure;

    b. Pain and suffering;

    c. Emotional trauma and suffering, including fear, embarrassment, humiliation, severe emotional distress, frustration, extreme inconvenience, and anxiety; and

    d. Loss of liberty.

## FIRST CAUSE OF ACTION
### (FALSE ARREST AND FALSE IMPRISONMENT)

26. The above paragraphs are here incorporated by reference.

27. Defendants subjected plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

28. There was no reasonable expectation of successfully prosecuting plaintiff.

29. Plaintiff was aware of his confinement and did not consent.

30. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under common law, 42 USC §1983 and the New York State Constitution.

31. Plaintiff was damaged by false arrest, imprisonment, and deprivation of liberty caused by defendants.

## SECOND CAUSE OF ACTION
### (MALICIOUS PROSECUTION)

32. The above paragraphs are here incorporated by reference.

33. Defendants, acting with malice, initiated a prosecution against plaintiff and caused him to be prosecuted.

34. The criminal proceedings were terminated favorably to defendant.

35. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 USC §1983, New York State common law, and the New York State Constitution.

36. As a result of the malicious prosecution implemented by defendants, plaintiff was damaged.

### THIRD CAUSE OF ACTION
### (ASSAULT)

37. The above paragraphs are here incorporated by reference.

38. By approaching and pushing plaintiff, defendants made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

39. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under common law, 42 USC §1983 and New York State laws and Constitution.

40. Plaintiff was damaged by defendants' assault.

### FOURTH CAUSE OF ACTION
### (BATTERY)

41. The above paragraphs are here incorporated by reference.

42. Defendants engaged in and subjected plaintiff to immediate harmful and/or offensive touching and battered him.

43. Defendants used excessive and unnecessary force with plaintiff.

44. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under common law, 42 USC §1983 and the New York State Constitution.

45. Plaintiff was damaged defendant's battery.

## FIFTH CAUSE OF ACTION
### (RESPONDEAT SUPERIOR AS TO THE CITY OF NEW YORK)

46. The preceding paragraphs are here incorporated by reference.

47. Defendants' intentional tortious acts were undertaken within the scope of their employment by defendant City of New York and in furtherance of the defendant City of New York's interest.

48. As a result of defendants' tortious conduct in the course of their employment and in furtherance of the business of defendant City of New York, Plaintiff was damaged.

## SIXTH CAUSE OF ACTION
### (42 USC § 1983)

49. The above paragraphs are here incorporated by reference.

50. Defendants acted under color of law and conspired to deprive plaintiff of his civil, constitutional and statutory rights to be free from unreasonable search and seizure pursuant to the Fourth Amendment to the United States Constitution when they illegally and falsely arrested and maliciously prosecuted plaintiff, and subjected him to excessive force. Defendants are liable to plaintiff under 42 U.S.C. §1983 and § 6 and 12 of the New York State Constitution.

51. Plaintiff has been damaged as a result of defendants' wrongful acts.

WHEREFORE, Plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of Plaintiff in an amount to be determined by a jury for each of plaintiff's

causes of action;

  B. Awarding Plaintiff punitive damages in an amount to be determined by a jury;

  C. Awarding Plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

  D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: New York, New York
    November 2, 2020

TO: City of New York      Yours, etc.,

              /s/
            Leo Glickman, Esq.
            Bar #LG3644
            Attorney for Plaintiff
            5030 Broadway, Ste. 652
            New York, NY 10034
            (718) 852-3710
            lglickman@stollglickman.com